UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIME VELAZQUEZ,

    Petitioner,

v.                                                            Case No.  8:10-cv-2253-T-33EAJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## ORDER

This cause is before the Court on Petitioner Jaime Velazquez's timely-filed 28 U.S.C. § 2254 petition. Velazquez challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## BACKGROUND

Velazquez was found guilty after a jury trial of trafficking in cocaine and possession of cannabis and drug paraphernalia as charged.  Adjudicated guilty in accordance with the verdict, Velazquez was sentenced to 20 years incarceration  on the trafficking count. He was sentenced to time served on the other counts. Velazquez appealed, and following briefing, the state district court of appeal, on February 1, 2008, per curiam affirmed the judgment and sentence in case no. 2D07-728.  *Velazquez v. State*, 973 So. 2d 1138 (Fla. 2d DCA 2008)[table]. Velazquez did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court.

Velazquez filed a pro se rule 3.850 motion for postconviction relief.  The motion was

denied and Velazquez appealed the denial. On February 5, 2010, the state district court of appeal per curiam affirmed the denial of postconviction relief in case no. 2D09-2970. *Velazquez v. State*, 29 So. 3d 305 (Fla. 2d DCA 2010)[table]. Following denial of rehearing, the mandate issued March 11, 2010.

Velazquez next filed a pro se rule 3.800(a) motion, which was denied. Velazquez appealed the denial, and on September 29, 2010, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D10-2710. *Velazquez v. State*, 46 So. 3d 573 (Fla. 2d DCA 2010)[table]. The mandate issued October 25, 2010.

## GOVERNING PRINCIPLES

### A. Federal question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac*, 457 U.S. 1141(1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle,* 538 F.2d 1194, 1196-98 (5th Cir. 1976).

### B. Exhaustion and procedural default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28

U.S.C. § 2254(b)(c). To exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Id.*, 477 U.S. at 488.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. at 495-96 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the

underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324.

## C. AEDPA deferential standards of review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). The AEDPA modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under applicable law. *Bell v. Cone*, 535 U.S. 685 (2002).

Under §104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petitioner can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but also objectively unreasonable. *Yarborough v. Gentry,* 540 U.S. 1, 4 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of

fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## DISCUSSION

### Ground One

Velazquez claims counsel was ineffective for failing to properly convey to him a State plea offer. He claims his counsel "failed" in his duty to advise him of the possible strengths and weaknesses of his case in considering the plea offer. According to Velazquez, his counsel should have advised him not to reject the state's offer. Ground one is unexhausted and procedurally barred because Velazquez did not raise the claim in his rule 3.850 motion and did not timely seek leave to amend the rule 3.850 motion in state court.

Velazquez asserts that he raised this claim in his amended rule 3.850 motion. However, Velazquez was not permitted to add this new claim of ineffective assistance of counsel not raised in his original rule 3.850 motion because the state trial court allowed Velazquez to amend **only** ground one of his original rule 3.850 motion. The state trial court did not grant Velazquez leave to add new claims. Ground one of his original rule 3.850 motion was not related to this claim regarding the State's plea offer.

In Florida, a postconviction movant should be granted a reasonable opportunity to amend insufficient claims unless the deficiency cannot be cured. *See Spera v. State*, 971 So. 2d 754, 761-62 (Fla. 2007). However, the postconviction court is not obliged to consider amendments adding new grounds after it has ruled on the rule 3.850 motion. *See Gaskin v. State*, 737 So. 2d 509, 518 (Fla. 1999) (holding that the court erred in denying an amended motion filed before the trial court ruled on the original motion and before the two-

year time limit expired, but finding the error harmless because the new claims were procedurally barred), *receded from on other grounds* by *Nelson v. State*, 875 So. 2d 579 (Fla. 2004); *see also, e.g., Richardson v. State,* 890 So. 2d 1197, 1198 (Fla. 5th DCA 2005)(affirming summary denial of request to amend where proposed amendment was to cure deficient affidavit, not to assert a new substantive ground for relief).

In his rule 3.850 proceeding, Velazquez did not timely seek leave to add a new claim of ineffective assistance of counsel before the postconviction court issued its ruling which permitted amendment of only ground one. The state's successive petition doctrine prevented Velazquez's filing an amended rule 3.850 motion adding new claims of ineffective assistance of counsel. Fla. R.Crim. P. 3.850(f); *Gaskin, supra*. Moreover, Velazquez did not alert the state trial court in a timely manner that it had overlooked an additional ground and show that the ground was timely under Florida law. Velazquez did not even mention this new ground in his March 24, 2009, motion for rehearing of the denial of his rule 3.850 motion. At any rate, his claim is defaulted because it was not raised in a procedurally correct manner by means of a timely request to add a claim to this rule 3.850 motion for postconviction relief.

Velazquez raised his "late ground" in his pro se brief on appeal of the denial of the rule 3.850 motion, even though the state trial court's order clearly stated that leave to amend was granted to amend only ground one. The state district court of appeal's per curiam affirmance rests on Florida's rules regarding timely amendments. This Court will not presume a Florida court ignores its own procedural rules when it issues only a one-sentence denial of relief, which is essentially a summary dismissal. *See Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991), 501 U.S. at 735-36; *Kight v. Singletary*, 50 F.3d

1539, 1544-45 (11th Cir. 1995); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993). The state procedural bar is an independent and adequate basis to preclude federal review of ground one.

Any attempt to return to state court to present this claim is now procedurally barred by the two-year limitation of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *See e.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). Any cause allegation is barred for the same reasons.

Even if Velazquez could show valid cause to overcome the procedural default, he cannot avoid his default, as he does not allege and meet the prejudice component of *Wainwright v. Sykes*. Moreover, he does not qualify for the fundamental miscarriage of justice exception because he has no new and reliable evidence of actual innocence. *Schlup v. Delo,* 513 U.S. at 321-322.

## Ground One Has no Merit

The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (citing *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). The petitioner must meet the two-part standard for counsel's performance established by *Strickland v. Washington*, 466 U.S. 668 (1984). Recently, in *Harrington v. Richter*, 131 S.Ct. 770 (2011), the Supreme Court stated:

> Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of

7

>waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.,* at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052. . . . . .

*Id.* at 788.

In *Harvey v. Warden, Union Correctional Institution*, --- F.3d ----, 2011 WL 37824 (11th Cir. 2011), the Eleventh Circuit reiterated that the petitioner seeking release bears the burden of proof regarding both deficient performance and prejudice.

On AEDPA review, the question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. ---, 129 S.Ct. 1411, 1420 (2009), Because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

Under the "doubly deferential" judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard, *Knowles*, 129 S. Ct. at 1420 (citing *Yarborough*

*v. Gentry*, 540 U.S. 1, 5-6 (2003)(per curiam)), Velazquez's claim of ineffective assistance of counsel fails.

In ground one, Velazquez fails to allege a basis upon which to conclude that counsel's advice regarding the plea offer fell below an objective standard of reasonableness. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland*, 466 U.S. at 687. Velazquez does not deny that his counsel timely advised him of the state's plea offer. Although he asserts he is of Spanish descent and barely able to read or write English, Velazquez does not suggest that his language barrier prevented his understanding the terms of the plea offer. Nor does he allege that he was unaware of his sentencing exposure if convicted at trial.

Velazquez claims he was unaware that his confessions were a major factor in determining the outcome of his case. Velazquez, however, does not allege that he was unaware that the state's case against him included his confessions. Moreover, his assertion that his counsel told him he would not get a chance to go to trial and fight for what he said happened indicates that Velazquez had, indeed, discussed the underlying facts with counsel.

This claim can be denied on *Strickland'*s prejudice prong. Velazquez does not set out objective facts which would show that he had a desire to plead guilty rather than go to trial. *See e.g., Engelen v. United States*, 68 F.3d 238, 241 (8th Cir.1995)(movant must present some credible, nonconclusory evidence that he would have pled guilty had he been properly advised).

In *Diaz v. United States*, 930 F.2d 832 (11th Cir.1991), the Eleventh Circuit affirmed the denial of the petitioner's claim that his counsel was ineffective for allegedly rejecting a

plea offer without consulting him. The Court held that given Diaz's awareness of the plea offer, his after-the-fact testimony concerning his desire to plead, without more, was insufficient to establish that, but for counsel's alleged advice or inaction, he would have accepted the plea offer. *Id.* at 835. As to Diaz's claim that his counsel was ineffective in advising him that the plea offer was unacceptable, the Eleventh Circuit held that Diaz had not established prejudice with respect to counsel's advice, stating:

> He does not allege that but for his attorney's errors, he would have accepted the plea offer; he cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty. He argues only that he would have received a lesser sentence had he accepted the plea agreement. However, the Supreme Court has recognized that "judicial scrutiny of counsel's performance must be highly deferential," and that courts should ensure that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* (quoting *Strickland*, 466 U.S. at 689).

Velazquez does not claim ignorance of the terms of plea offer. With such awareness, including his sentencing exposure if convicted at trial, he proceeded to jury trial and took the stand, denying that he expected a package containing cocaine. He maintained he knew nothing about the cocaine when he received it or any prior deliveries (e.g., Resp. Ex. 1, V 5 T 474-75). In view of his own allegations which indicate Velazquez had made his counsel aware of his version of the facts, Velazquez fails to show there was any reasonable probability that he would have accepted the state's offer. Nor does he allege a basis upon which there was any reasonable probability of a different outcome at trial had counsel advised him differently with regard to the strengths and weaknesses of the state's case.

Ground one does not warrant habeas corpus relief.

Ground Two

Velazquez faults his counsel for not filing a motion to suppress his statements to police. This ground is unexhausted and procedurally barred for the same reasons as ground one. He did not fairly present his ground by seeking to amend his rule 3.850 motion in a timely manner. He added the ground after only limited leave to amend ground one was granted. Velazquez's failure to raise his ground in a timely and proper manner pursuant to state procedural rules resulted in a procedural default of ground two. Velazquez fails to make the required showing to excuse his default.

Ground Two Has no Merit

Alternatively, Velazquez fails to satisfy both *Strickland* prongs. The fact that the State would introduce his confession at trial did not require counsel to seek suppression of the confession(s) to be reasonably effective. Velazquez indicates he gave statements while in custody and before he was advised of his constitutional rights. However, testimony at trial showed that Velazquez had been advised of his *Miranda* rights before giving his statements. (Resp. Ex. 1, V 4 T 318).

Ground two can be disposed of on the *Strickland* prejudice prong. The state's case did not turn on Velazquez's statements to police. The state adduced testimony showing that the postal inspector secured a search warrant authorizing him to open and inspect a suspicious package. Inside was five-and-one-half pounds of cocaine. A controlled delivery was coordinated with local and state authorities. (Resp. Ex. 1, V 3 T 187-190). The postal person advised Velazquez he had a package for Alex Castillo. Velazquez gave him a nod of acknowledgment, and confirmed he was Alex Castillo, adding that he was expecting the package. (Resp. Ex. 1, V 3 T 190).

Detective Maney witnessed the postal inspector deliver the package to Velazquez. (Resp. Ex. 1, V 4 T 219-20). After Velazquez went into his house and down a hallway, Velazquez came out of the house and came in contact with the officer inside Velazquez's garage. (Resp. Ex. 1, V 4 T 221). Velazquez gave permission to search the house, and the officer went into house and went in the same direction he had seen Velazquez go -- down the hallway. The officer saw the package on a shelf in a walk-in closet. (Resp. Ex. 1, V 4 T 223).

In view of the independent evidence of his guilt of the trafficking offense, admission of his statements, if error, was harmless, having no "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Velazquez fails to demonstrate there was any reasonable probability of a different outcome had his counsel sought to suppress his statements to police.

Ground two does not warrant habeas corpus relief.

## Ground Three

Velazquez faults his counsel for not filing a motion to sever his misdemeanor charges from the drug trafficking count. This ground is exhausted to the extent alleged in ground three of his original rule 3.850 motion as a substantive claim of ineffectiveness of counsel, the denial of which he appealed. Velazquez's rule 3.850 claim raised his underlying issue in state law terms.[1] In summarily denying relief, the state trial court

---

[1] Velazquez did not claim that counsel was remiss for not seeking severance on constitutional grounds. Any such claim of ineffectiveness of counsel is now barred by the two year limit of rule 3.850 and the state's successive petition doctrine. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary,* 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350,

adopted the state's response in which the State asserted that there was no basis for severance under state law. Consequently, counsel cannot be deemed ineffective for foregoing a state law based argument that has been determined by the Florida courts to be meritless. *See e.g., Burgess v. McNeil*, 357 Fed. Appx. 206, 212 (11th Cir. 2009)(unpublished)("If the charging document, jury instructions, and sentence were all correct under Florida law, as the Florida courts have told us they were, Burgess' counsel's performance in failing to challenge the charging document, the jury instructions, or the state's proof cannot be considered deficient.")(citing *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) (holding where claims were meritless, it was clearly not ineffective for counsel not to pursue them).

Although an ineffective assistance of counsel claim is a federal constitutional claim, which this Court considers in light of the clearly established rules of *Strickland*, when the validity of the claim that counsel failed to assert is clearly a question of state law, this Court must defer to the state's construction of its own law. *See Will v. Secretary, Dept. of Corrections*, 278 Fed. Appx. 902, 908 (11th Cir. 2008)(citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (affording deference to state court's decision "to the extent it decide[d] the validity of [the petitioner's] underlying state law claims") (superseded by statute on other grounds); *see also Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them ..."). Put another way, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus

---

1355(11th Cir. 1995).

relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *Hunt v. Tucker*, 93 F.3d 735, 737 (11th Cir. 1996) (federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation).

The state trial court and the state district court of appeal answered the question of what would have happened had counsel contended that the offenses were improperly tried together. Velazquez fails to demonstrate that not one reasonably competent attorney could conclude that joinder of the offenses was not proper under Florida law.

The ground "fails scrutiny" under *Strickland*'s prejudice prong. Velazquez fails to demonstrate that the trial court would have been obliged to sever his charges if trial counsel had moved to do so. Velazquez's possession of drug paraphernalia and marijuana occurred at the time of the drug trafficking.[2] Under state law, evidence of these offenses was inextricably intertwined with evidence of his trafficking in cocaine and was admissible even if separately charged. *See e.g., Fotopoulos v. State*, 608 So.2d 784, 790 (Fla. 1992) (even if there had been separate trials, evidence of each offense would have been admissible at the trial of the other to show common scheme and motive, as well as the entire context out of which the criminal action occurred).

The evidence adduced at Velazquez's trial was ample with regard to each offense charged, and any claimed error in joinder of the offenses had no substantial and injurious effect or influence in determining the jury's verdict on each count. *Brecht, supra*. Thus, there was no reasonable probability of a different outcome had counsel moved to sever the

---

[2] During the search of Velazquez's house, the officer found 6.6 grams of marijuana and a water pipe.

14

charges.

Ground three does not warrant habeas corpus relief.

## Ground Four

Velazquez faults his counsel for not filing a motion to suppress the cocaine. This ground is exhausted to the extent alleged as a substantive claim of ineffective assistance of counsel in ground two of Velazquez's original rule 3.850 motion, the summary denial of which Velazquez appealed.

In denying ground two, the state trial court stated:

> In claim 2, Defendant argues that trial counsel was ineffective for failing to suppress evidence that was tainted, and object to the admission of the evidence to preserve the issue for appellate review. Defendant states that when the package of cocaine was first opened by Inspector Bradley Kramer, the package weighed 5.5 pounds. When the package was weighed later by the Florida Department of Law Enforcement, the package weighed 2000 grams or 4.4 pounds. Defendant alleges that the weight discrepancy is an indication that the evidence was tampered with and that trial counsel should have filed a Motion to Suppress the cocaine. However, in trial, Inspector Kramer testified that he weighed the cocaine with the packaging and got a gross weight of five pounds, eight ounces. TR 192. Florida Department of Law Enforcement analyst Steven Hester accounted for the difference in the weight. Hester testified that the balance used by the postal inspector may not have been correctly calibrated or that the drugs may have been weighed with the packaging. TR 274-275. FDLE is only concerned the weight of the actual drug. TR 275. In *Garcia v. State*, defendant claimed that the Court erred in admitting evidence of cocaine where there was a substantial weight difference between the weight of cocaine recovered by police officers and that introduced into evidence. *Garcia v State*, 721 So. 2d 1248 (Fla. 3rd DCA 1998). During trial, it was established that the discrepancy in the weight was the result of weighing the drugs with the packaging, and then later weighing the drug by itself. Since these facts were clearly established at trial, the cocaine was properly admitted. *Id.* In the present case, as in *Garcia*, the weight discrepancy was explained. In fact, trial counsel questioned both Inspector Kramer and Mr. Hester about the weight difference. TR 202-204; 270-274. Additionally, Tami Edwards testified that when they initially weigh the drugs, they weigh the drugs in their packaging. When the drugs arrive at the FDLE lab, they remove the wrappings to get an exact weight. TR 34 1-342. Also, at trial, Inspector Kramer testified that he kept the package in an

> office under double lock. TR 183. Steven Hester also testified as to the chain of custody of the evidence. TR 264-268. In light of the trial testimony, a Motion To Suppress the cocaine would have been without merit. Additionally, as the cocaine was properly admissible, an objection to its admission into evidence would have been without merit. Based on the above, counsel's performance cannot be said to have been deficient, and the Defendant cannot establish prejudice. Based on the above, claim 2 is DENIED.
>
> . . . .

(Resp. Ex. 7).

Velazquez does not overcome, by clear and convincing evidence, the correctness of the state's court's factual findings. *See* 28 U.S.C. § 2254(e)(1). Nor does he overcome the strong presumption that counsel's decisions regarding the admissibility of the cocaine were made in the exercise of counsel's professional judgment. *Strickland*, 466 U.S. at 690.

In Florida, relevant physical evidence is admissible unless there is an indication of probable tampering. *Peek v. State*, 395 So.2d 492, 495 (Fla.1980). In Velazquez's case, there was no indication of tampering with the cocaine. Moreover, the state courts have settled the matter of what would have happened had his counsel sought to exclude the evidence on the state law grounds proposed.[3]

This ground fails under the *Strickland* prejudice prong, because, with respect to his underlying issue, Velazquez fails to plead facts showing that there was probable tampering with the cocaine, and his speculation does not suffice to show there was any reasonable probability of a different outcome had counsel pursued a suppression motion as Velazquez now proposes. *See e.g., Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985)

---

[3] In his rule 3.850 motion, Velazquez did not claim that his trial counsel should have sought to suppress or exclude the cocaine on federal constitutional grounds. Any such claim is now procedurally barred by the two-year rule of 3.850 and the state's successive petition doctrine.

(speculation insufficient to carry burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Ground four does not warrant habeas corpus relief.

## Ground Five

Velazquez contends his counsel was ineffective for failing to call Javier Rivera to testify at trial. Velazquez characterizes Rivera as an exculpatory witness. This ground is exhausted to the extent alleged as the substantive claim of ineffective assistance in ground one of Velazquez's amended rule 3.850 motion, the summary denial of which Velazquez appealed.

In his supporting facts, Velazquez contends that Rivera and his wife were present at Velazquez's residence preparing for a barbeque when the postal inspector approached Velazquez. According to Velazquez, the inspector stated, "I got a package for the resident, would you sign for the package." (Doc. 1 [Petition] at 12-A). Velazquez asserts that Rivera's testimony would have supported his "reasonable hypothesis" that Velazquez did not know what was in the package when he signed for the package.

In his amended rule 3.850 motion, Velazquez did not set forth facts which, if adduced, would satisfy both *Strickland* prongs. In denying relief on this ground, the state trial court adopted the state's response. The State pointed out in the response that the officer at the scene had been deposed prior to trial. In his deposition, the officer testified that the inspector said that he had a package for 469 Lark Court.

Although Velazquez believes that testimony from Rivera would have been favorable, he overlooks that at trial, Velazquez himself gave varying versions of the inspector's remarks when the inspector delivered the package. At one point, Velazquez testified that

17

the inspector said, "I got a package for the resident...." (Resp. Ex. 1, V T ). In contrast, he also testified the inspector said, "I got a package for 469 Lark Court, Poinciana, Florida." (Resp. Ex. 1, V T 452).

Having deposed Rivera, counsel was clearly aware of Rivera's information. The Eleventh Circuit has emphasized that "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc); see also *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir.2009) (per curiam). Under the circumstances, Velazquez fails to show that not one reasonably competent attorney could decide to forego calling Rivera at trial. His recall did not comport with Velazquez' version that the inspector said "I got a package for the resident..." *See Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("Considering the realities of the courtroom, more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others.").

Velazquez also claims that Rivera would have testified that he and Velazquez were handcuffed side by side and that neither made any statements. However, in his deposition, Rivera stated he saw nothing of Velazquez after Velazquez went into the house. Rivera was handcuffed outside while bent over a car in the driveway, and was not in a position to see what occurred inside where Velazquez was informed of his *Miranda* rights.

The ground can be denied on Strickland's prejudice prong. In view of Velazquez's admission that he believed one kilo of cocaine was being delivered to him (Resp. Ex. 1, V 4 T 319), it is objectively reasonable to conclude that had his counsel pursued the proposed witness further and called him to testify at trial, there was no reasonable probability of a

different outcome. The state decision resulted in a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence.

Ground five does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Velazquez's petition is denied.  The Clerk is directed to enter judgment against Velazquez and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 26, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jamie Velazquez